UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA K. WRIGHT, | ) | Case No. 5:06 CV 0542 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | (Resolving ECF #38) |
| APPLE CREEK DEVELOPMENT | ) | |
| CENTER, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Defendant, Apple Creek Development Center ("Apple Creek") has moved for summary judgment in this matter seeking dismissal of plaintiff Sandra K. Wright's complaint. Plaintiff Sandra K. Wright, an African-American female, filed her complaint *pro se* against her former employer Apple Creek pursuant to 42 United States Code §2000e *et seq.* ("Title VII") and 29 United States Code §621 *et seq.* Age Discrimination in Employment Act ("ADEA") claiming she was unlawfully discriminated against due to her race, age, sex, color and on account of retaliation.

Approximately six months after suit was filed by plaintiff *pro se*, Attorney Brian J. Williams entered his appearance on behalf of the plaintiff (ECF #14). After the defendant filed its motion for summary judgment, plaintiff asked and received two extensions to file response to the motion (ECF #38, 39, 40, 41 and 42). Plaintiff later filed a motion to continue a scheduled status hearing because plaintiff's counsel had a conflict that required his appearance in Federal Court in Cleveland and also because "this case has proceeded through discovery dispositive motions. It is probably best to see what adjudication is made in that regard before having any further meetings." Plaintiff's motion to

5:06 CV 0542                                                                 2

continue the status conference was granted. Despite these extensions, plaintiff did not respond to the defendant's motion for summary judgment.

Under Rule 56 of the Federal Rules of Civil Procedure granting a motion for summary judgment is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In determining whether there is a genuine issue of material fact all inferences drawn from the underlying facts contained in affidavits, pleadings, responses to discovery requests, and depositions must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). A court must inquire "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court may not make credibility determinations or weigh the evidence when ruling on a motion for summary judgment. *Anderson*, 477 U.S. at 255. The burden is upon the movant to demonstrate the absence of a genuine issue of material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979), *cert. dismissed* 444 U.S. 986 (1979). However, the nonmoving party is obliged to produce some evidence other than mere pleadings themselves to demonstrate that there is a genuine issue for trial. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must produce significant probative evidence in support of the complaint to defeat the motion for summary judgment through affidavits or admissions on file. *Moore v. Phillip Morris*

5:06 CV 0542                                                       3

*Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993). In the final analysis, "the threshold inquiry . . . [is] whether there is a need for trial -- whether in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250; *Moore*, 8 F.3d at 340. Once the nonmoving party has responded , the court must view the facts in the light most favorable to the nonmoving party. *Darrah v. City of Oak Park,* 255 F.3d 301, 304 n.1 (6th Cir. 2001).

Plaintiff Sandra K. Wright is an African-American female over the age of 40 who began her employment as a Therapeutic Program Worker ("TPW") with Apple Creek on February 3, 1992. She was a bargaining-unit employee represented by the Ohio Civil Service Employees Association, Local 11, AFSCME, AFL-CIO. She was employed by the defendant, Apple Creek Developmental Center of the Ohio Department of Mental Retardation and Developmental Disabilities which attends to the needs of severely retarded individuals. On December 25, 2004, Fred Dooley, Program Director at the center, whose duties were to coordinate the finding of placements for clients and to maintain the level of care that clients receive from staff, while making his rounds observed the plaintiff strike with her upper left hand the right temple of the client. The client that was struck was observed by Dooley with head down with tears running down her cheek. An investigation was begun of the incident and a pre-disciplinary hearing was scheduled for January 29, 2005. Plaintiff was represented by a union representative at the hearing. Upon recommendation of the hearing officer to the superintendent, plaintiff was removed from her position effective February 4, 2005 by the Superintendent of Apple Creek. Plaintiff subsequently entered into a grievance settlement

5:06 CV 0542                                             4

agreement ("GSA") with her employer Apple Creek. The end of the GSA agreement plaintiff executed contains the following standard language:

> Employee agrees:
>
> To waive any and all rights they may currently or subsequently possess to receive any reparation, restitution or redress for the events which formed the aforementioned grievance, including the right to resort to administrative appeal or through the institution of legal action.
> I have read the above paragraph and I am making a KNOWING and VOLUNTARY Waiver of my rights as set forth above.
>
> _____    _____
> Grievant                                                        Date
>
> (Wright Dep. Ex. 20).

In the GSA the parties agreed:

1) The grievant's removal will be changed to a resignation effective February 4, 2005,
2) The grievant will receive a neutral reference from Ohio Department of Mental Retardation and Developmental Disabilities, and
3) The grievant will receive $3,000.00 lump sum.

Wright signed her name on the second page and dated the GSA. (Wright Dep. 93). Plaintiff then wrote a letter of resignation which she stated she was resigning for personal reasons. Defendant maintains that plaintiff has waived her right to file a claim against her employer with regard to her removal when she knowingly and voluntarily executed a release of all claims in a grievance settlement agreement. Defendant is correct.

Plaintiff waived her right to file a claim against her employer with regard to her removal when she knowingly and voluntarily executed a release of all claims in a grievance settlement

5:06 CV 0542                                              5

agreement; that her experience, background and education indicate that she had the ability to make a knowing and voluntary waiver; that she was not limited in the time she had to decide whether she should sign the grievance settlement agreement and had union representation at the time she signed it; and the language and the waivers are not ambiguous and Wright had previously signed similar waivers resolving grievances in the past. The record also shows that the plaintiff received adequate consideration for her waiver. She received $3,000.00 and subsequently cashed that check, made no attempt to promptly repudiate the waiver, filed her EEOC charge prior to signing the waiver, and her employer was not put on notice that she did not intend to honor her waiver until she filed a complaint before this court nine months later. She has not tendered back the $3,000.00.

Wright knowingly and voluntarily executed a release of all claims in a grievance settlement agreement. *Adams v. Phillip Morris, Inc.,* 67 F.3d 580, 583 (6th Cir. 1995). Employers and employees can, and often do, negotiate valid waivers of Title VII claims. *Adams v. Phillip Morris, Inc.*, 67 F.3d 580, 583 (6th Cir. 1995); *Runyan v. Nat'l Cash Register Corp.*, 787 F.2d 1039 (6th Cir. 1986) (*en banc*), *cert. denied*, 479 U.S. 850 (1986). "Federal law controls the validity of a release of a federal cause of action." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1481 (6th Cir. 1989). A waiver of a federal anti-discrimination claim is enforceable if entered into knowingly, voluntarily, and absent fraud, duress, lack of consideration or mutual mistake. *Shaheen v. B.F. Goodrich Co.*, 873 F.2d 105, 107 (6th Cir. 1989). The waiver language in the OCSEA grievance settlement agreement Wright signed has been in use for many years. It has been routinely (and so far, unanimously) enforced by Ohio federal courts. *See, Sollitto v. Masi*, No. 1:03CV-0414 (N.D. Ohio 2004) (Wells, J., attached); *Gurik v. Mitchell*, No. 1:00CV-0060 (N.D. Ohio Jul. 27, 2000) (Gaughan, J., attached), *aff'd on other grounds*, 26 Fed. Appx. 500 (6th Cir.

5:06 CV 0542                                                    6

Jan. 15, 2002); *Cerimele v. Hall*, No. 4:93CV-2481 (N.D. Ohio 1996) at 1 (Oliver, J., attached, adopting report & recommendation).

"Generally, where the contract is a Waiver and Release, the releaser who retains the consideration after learning that the agreement is voidable has effectively ratified the release and may not later avoid its terms." *Cumberland & Ohio Co. v. First American Nat'l Bank*, 936 F.2d 846, 850 (6th Cir. 1991), *cert. denied*, 502 U.S. 1034 (1992). Moreover, the waiver must be enforced for the related reason that Wright failed to "tender back" the consideration she received. *Fleming v. United States Postal Serv.*, 27 F.3d 259 (7th Cir. 1994), *cert. denied*, 513 U.S. 1085 (1995) ("tender back" applies to Title VII waivers). The focus of both the ratification and tender-back doctrines is the litigant's conduct at the time the impediment that rendered the agreement voidable is lifted. *Cumberland & Ohio Co.*, 936 F.2d at 850 ("In general, a party seeking to avoid a contract induced by economic duress must act promptly upon removal of the duress to avoid the contract"). Wright failed to repudiate the agreement until she filed suit, and is therefore bound by her waiver.

Moreover, Wright has not made a *prima facie* showing of Title VII discrimination due to race, color, age, sex, or retaliation, because the putative comparable employees did not engage in similar conduct of physical patient abuse. *Ercogovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998).

The putative "comparable" employees she names in her complaint the record shows were not similarly situated and none of those individuals were involved with physical abuse of a resident.  Furthermore, plaintiff has no evidence of retaliation on the part of her employer as she admitted on deposition that she could not explain how her harassment complaints were related to

5:06 CV 0542                                              7

her removal.  In sum, the employer had a legitimate, non-discriminatory reason for discharging plaintiff.  Plaintiff has further failed to show her employer's reason for terminating her employment was a pretext.

Further, plaintiff's ADEA claim is barred by the Eleventh Amendment pursuant to *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000), the Supreme Court ruled that Eleventh amendment sovereign immunity prohibits private individuals from bringing ADEA claims against State agencies in federal court.  Wright's ADEA claim must be dismissed.

## *CONCLUSION*

After reviewing the record as a whole, a rational fact finder could not find for the nonmoving party, and accordingly Apple Creek's motion for summary judgment is granted and judgment will be entered under FED. R. CIV. PRO. 56 in favor of defendant and against plaintiff, and the case will be dismissed with prejudice.

                                                                    s/James S. Gallas
                                                    United States Magistrate Judge

Dated: March 24, 2008